KAB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dequandrick Wilson, | No. CV-22-01192-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Dequandrick Wilson brought this pro se civil rights action[1] pursuant to 42 U.S.C. § 1983 and Arizona state law. Pending before the Court is Defendants' Motion to Dismiss. (Doc. 34.) Plaintiff was informed of his rights and obligations to respond (Doc. 35), and he opposes the Motion. (Doc. 36.)

**I.   Background**

In his Complaint, Plaintiff relevantly alleges as follows. On the morning of July 16, 2021, City of Phoenix Police Officers Knipp and Gittings pulled Plaintiff over "without probable cause for an alleged traffic violation for speeding." (Doc. 1 at 4.) After Plaintiff pulled over, Gittings approached Plaintiff's driver's side window and Officer Knipp approached the passenger side rear door of the vehicle with his weapon drawn. Officer Knipp then opened the rear passenger door of Plaintiff's vehicle. Plaintiff immediately objected to Officer Knipp's actions and told him that his actions constituted an unlawful

---

[1] At the time Plaintiff filed his Complaint, he was represented by counsel, but his counsel subsequently withdrew.

search of his vehicle. During the encounter, Plaintiff had a beverage in his right hand, his hands were in plain view, and he posed no threat to the officers. After Plaintiff objected, Officer Knipp instructed Officer Gittings to remove Plaintiff from the vehicle.

Officer Knipp approached the driver's side door, opened the door, and forcefully pulled Plaintiff out of the vehicle by the left arm. Officer Gittings then assisted by grabbing Plaintiff's right arm and forcefully pulling him from the vehicle. Plaintiff was thrown to the ground on scorching hot summer pavement face down, while both officers pinned him down using their full body weight with their knees on Plaintiff's neck and legs. Plaintiff immediately complained of being unable to breathe and requested help. While Plaintiff was subdued by both officers, Officer Knipp punched Plaintiff in the face multiple times and repeatedly called him names, including "fucking idiot." Plaintiff tried to block Officer's Knipp's punches by putting his arms over his head, but never punched back at the officers.

When additional officers, Does 1-25 arrived on scene, Does 1-4 dragged Plaintiff to a patrol unit and slammed Plaintiff's head onto a running patrol vehicle's hood. Plaintiff complained that the hood was hot and burning his face and one officer responded, "I don't care" and proceeded to slam Plaintiff's head back onto the hood of the car. Plaintiff complained of being injured by the officers' actions and they responded they did not care while using expletives. Plaintiff was then placed in the back of a police car and left there bleeding for nearly 30 minutes. Plaintiff was then removed from the vehicle, hog-tied at the ankles, and placed in the rear of a patrol vehicle.

Plaintiff was injured and bleeding from multiple places and requested medical attention from Phoenix Fire Department Personnel, but his request was ignored by officers and fire department personnel.

Plaintiff was transported to the Maryville Precinct and was held for an extended period without receiving treatment for his open wounds.

Plaintiff alleges the following five counts: (1) Count One: Fourth Amendment excessive force against Defendants Gittings, Knipp, and the City of Phoenix; (2) Count

Two: Fourteenth Amendment deliberate indifference to serious medical needs against the City of Phoenix and Does 10-20 based on the failure to provide Plaintiff medical treatment; (3) Count Three: negligence against the City of Phoenix based on the failure of fire department personnel to provide Plaintiff with medical treatment and the failure of jail officials to provide Plaintiff with medical treatment; (4) Count Five:[2] battery against Gittings, Knipp, and the City of Phoenix; and (5) Count Seven:[3] intentional infliction of emotional distress against Gittings, Knipp, the City of Phoenix, and the Doe Defendants.

After Plaintiff did not identify and serve the Doe Defendants and did not serve Defendant Knipp, the Magistrate Judge issued a Report and Recommendation recommending that Defendant Knipp and the Doe Defendants be dismissed from this action without prejudice. (Doc. 29.) When no objection was made, the Court adopted the Report and Recommendation and dismissed Defendants Knipp and the Doe Defendants from this action without prejudice. (Doc. 40.)

Defendants Gittings and the City of Phoenix now move to dismiss Counts One, Two, Three, and Seven pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[4]

**II.    Federal Rule of Civil Procedure 12(b)(6)**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant.

---

[2] There is no Count Four.

[3] There is no Count Six.

[4] Defendants do not seek to dismiss the state-law battery claim in Count Five.

*Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III. Discussion**

    **A.  Count One: Fourth Amendment Excessive Force**

        **1.  Gittings**

Defendants assert that there are "insufficient factual allegations" to state a claim for excessive force against Defendant Gittings.

If the alleged use of excessive force was applied during the plaintiff's arrest, the Fourth Amendment objective-reasonableness standard applies. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Under this standard, a court considers certain objective factors and does not consider the defendant officer's intent or motivation. *See id.* at 397, 399 ("subjective concepts like 'malice' and 'sadism' have no proper place in [this] inquiry").

Under the Fourth Amendment standard, the reasonableness of the use of force "must be judged from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. When determining whether the totality of the circumstances justifies the degree of force, the court must consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The inquiry is "whether the officers' actions are 'objectively reasonable' considering the facts

and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted).

Plaintiff alleges that both Officers Knipp and Gittings forcefully pulled him from his vehicle although Plaintiff posed no threat to them and had committed at most a minor traffic infraction. Plaintiff alleges that the Officers then threw him to the ground and both officers pinned him down using their full body weight with their knees on Plaintiff's neck and legs, and while both officers held Plaintiff down, Officer Knipp punched Plaintiff in the face multiple times.

Under these allegations, there was no severe crime, Plaintiff posed no threat to the officers, Plaintiff was not actively resisting arrest, and no force was necessary or reasonable. These allegations support a claim of excessive force against Defendant Gittings and Defendants' argument that there is no factual support for an excessive force claim is entirely without merit. Accordingly, the Motion will be denied as to the Fourth Amendment excessive force claim against Defendant Gittings.

### 2. City of Phoenix

Defendant City of Phoenix argues that Plaintiff's Fourth Amendment excessive force claim should be dismissed because Plaintiff did not allege facts supporting that the City of Phoenix has a policy, practice, or custom that led to the alleged excessive force.

A municipality cannot be vicariously liable for the torts of its employees under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). But a governmental entity may be directly liable under § 1983 if its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Id.* at 694. To state a claim based on a policy, practice, or custom of Defendant City of Phoenix, Plaintiff must allege facts (1) that his constitutional rights were violated by an employee or employees of the Defendant; (2) that the Defendant has customs or policies that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights in the sense that the Defendant could have prevented the violation with an appropriate policy.

*See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). "Policies of omission regarding the supervision of employees . . . can be policies or customs that create . . . liability . . . , but only if the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *Id.* at 1194 (quotations omitted).

A "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To support a *Monell* claim for failure to train under § 1983, a plaintiff must allege facts demonstrating that the local government's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick*, 563 U.S. at 61 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Deliberate indifference may be shown if there are facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (citing *Canton*, 489 U.S. at 390). While "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" *Connick*, 563 U.S. at 62, a plaintiff may still prove a failure-to-train claim without showing a pattern of constitutional violations where a violation "may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citation omitted). In such instances, "failing to train could be so patently obvious that [an entity] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 F.3d at 64. A plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. *See Gillette v. Elmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Here Plaintiff alleges "the City of Phoenix has had multiple incidents of excessive force, wrongful conduct of its officers, and clear pattern and practice of failing to train and supervise by the Chief of Police and her supervisory and managerial staff." Plaintiff alleges no facts to support this statement and threadbare recitals of a cause of action are insufficient to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.).

Accordingly, the Fourth Amendment excessive force claim against the City of Phoenix will be dismissed.

**B.     Count Two: Fourteenth Amendment Claim against the City of Phoenix**

Defendants assert that the Fourteenth Amendment claim based on deliberate indifference to serious medical needs must be dismissed because Plaintiff does not allege enough facts to support a Fourteenth Amendment violation or that such a violation was the result of a policy, practice, or custom of the City of Phoenix.

In Count Two, Plaintiff alleges

> Defendant City of Phoenix in the Maryvale Precinct willfully, knowingly, and intentionally showed deliberate indifference to the substantial risk of serious harm to Plaintiff by not providing him medical treatment to the injuries caused by their officers. The deprivation of medical treatment for an extended period amounted to punishment. . . . Defendant City of Phoenix and Officer Doe(s) were objectively unreasonable considering what the Defendants knew and should have done that ultimately deprived the Plaintiff of his rights secured by the 14th Amendment to the United States Constitution, including his right to Due Process. . . . Defendant City of

> Phoenix and Officer Doe(s) acted unreasonable by refusing to allow Plaintiff medical treatment and their restrictions were not reasonably related to a legitimate non punitive government purpose.

(Doc. 1 at 8-9.)

The City of Phoenix cannot be liable under the Fourteenth Amendment on a respondeat superior theory of liability. *Monell.*, 436 U.S. at 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no policy, practice, or custom relating to the allegations in Count Two, and has therefore failed to state a Fourteenth Amendment claim based on deliberate indifference to medical needs against the City of Phoenix. Accordingly, Count Two will be dismissed.

### C. Count Three: Negligence against the City of Phoenix

Defendant City of Phoenix argues that the negligence claim against it must be dismissed because the claims against the Doe Defendants were dismissed and "under Arizona law, when there are no claims against an employee, an employer is not vicariously responsible for the fault of the employee, because there is no fault to impute to the employer by law." (Doc. 34 at 12 (citation omitted).) The Arizona Supreme Court recently overruled the law on which Defendant relies and held, "when tort claims against an employee are not actually adjudicated, dismissal of the employee-claim does not summarily require dismissal of the respondeat superior claim." *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P.3d 139, 150 (Ariz. 2023).

Defendant City of Phoenix also argues that Plaintiff fails to state a negligence claim because he does not "not allege what care was needed, why that care was needed, or allege that the failure to provide care caused any actual damages." (Doc. 34 at 12-13.)

Plaintiff alleges that he was injured and bleeding from multiple places and requested medical attention from Phoenix Fire Department Personnel, but his request was ignored by officers and fire department personnel, and that after he was transported to the Maryville Precinct, he was held for an extended period without receiving treatment for his open wounds. These allegations sufficiently state a claim for negligence by City employees for

which the City of Phoenix may be held vicariously liable and give enough information to allow Defendant to conduct relevant and related discovery. Accordingly, the Motion will be dismissed as to the negligence claim against the City of Phoenix in Count Three.

### D. Count Seven: Intentional Infliction of Emotional Distress against Gittings and the City of Phoenix.

Defendants assert that Plaintiff does not allege sufficient facts to state a claim of intentional infliction of emotional distress.

The tort of intentional infliction of emotional distress requires proof of three elements: (1) the conduct must be "extreme and outrageous"; (2) the defendant must intend to cause emotional distress or recklessly disregard that such distress will, with a near certainty, occur from his conduct; and (3) severe emotional distress must occur as a result of the defendant's conduct. *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (2005) (citing *Ford v. Revlon*, 734 P.2d 580, 585 (1987)).

As noted above, Plaintiff alleges that Officers Knipp and Gittings forcefully pulled him from his vehicle, threw him to the ground and both officers pinned him down using their full body weight with their knees on Plaintiff's neck and legs while Officer Knipp punched Plaintiff in the face multiple times.

These allegations sufficiently state a claim for intentional infliction of emotional distress. *See Burke v. City of Santa Monica*, No. CV0902259MMMPLAX, 2010 WL 11549360, at *24 (C.D. Cal. Dec. 8, 2010) ("because triable issues of fact remain as to whether the officers subjected Burke to excessive force, there are triable issues of fact as to whether the officers' conduct was so extreme as to exceed the bounds tolerated by a civilized society.") (citing cases where excessive force supported a claim of intentional infliction of emotional distress and cases where it did not). Accordingly, the Motion to Dismiss Count Seven will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 34).

- 9 -

     (2)    Defendants' Motion to Dismiss (Doc. 34) is **granted in part and denied in part** as follows:

          (a)    The Motion is **granted** as to Plaintiff's excessive force claim in Count One asserted against the City of Phoenix and as to Count Two, and those claims are dismissed from this action without prejudice.

          (b)    The Motion is otherwise **denied**.

     (3)    The remaining claims in this action are: (1) Count One: Fourth Amendment excessive force against Defendant Gittings; (2) Count Three: negligence against the City of Phoenix based on the failure of fire department personnel to provide Plaintiff with medical treatment and the failure of jail officials to provide Plaintiff with medical treatment; (3) Count Five: battery against Gittings and the City of Phoenix; and (5) Count Seven: intentional infliction of emotional distress against Gittings and the City of Phoenix.

Dated this 17th day of November, 2023.

_____
James A. Teilborg
Senior United States District Judge